IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN PHILLIPS, | : | |
|     Plaintiff | : | |
| | : | |
|   vs. | : | |
| | : | |
| RAMON RUSTIN, | : | |
| Individually and in his official capacity as | : | No. |
| Warden of Allegheny County Jail, | : | |
| BRUCE DIXON, M.D. Individually and in his | : | COMPLAINT |
| Official capacities as Medical Director of | : | |
| Allegheny County Jail, Directory of Allegheny | : | |
| County Health Department, and Director of | : | |
| Allegheny Correctional Health Services, Inc. | : | Filed on behalf of Plaintiff |
| ALLEGHENY COUNTY JAIL, | : | John Phillips |
| ALLEGHENY COUNTY HEALTH DEPARTMENT | : | |
| ALLEGHENY CORRECTIONAL HEALTH | : | |
| SERVICES, Inc, | : | Counsel of Record for this Party |
| THE COUNTY OF ALLEGHENY,PENNSYLVANIA, | : | Ryan R. Smith, Esquire |
| JANE DOE, Corrections Officer, Individually | : | P.A. I.D. #86913 |
| and in her official capacity as a corrections | : | |
| officer for the Allegheny County Jail | : | J. Kerrington Lewis, Esquire |
| JOHN DOE, Corrections Officer, Individually | : | P.A. I.D. #15575 |
| and in his official capacity as a corrections | : | |
| officer for the Allegheny County Jail | : | Lewis, Lewis & Reilly |
|     Defendants | : | 1040 Fifth Avenue |
| | : | Pittsburgh, PA 15219 |
| | : | |
| | : | (412) 391-0818 |
| | : | (412) 391-8144  FAX |
| | : | |
| | : | **Jury Trial Demanded** |

1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN PHILLIPS, | : |
|     Plaintiff | : |
| | : |
| vs. | : |
| | : |
| RAMON RUSTIN, | : |
| Individually and in his official capacity as | : |
| Warden of Allegheny County Jail, | : |
| BRUCE DIXON, M.D. Individually and in his | : |
| Official capacities as Medical Director of | : |
| Allegheny County Jail, Directory of Allegheny | : |
| County Health Department, and Director of | : |
| Allegheny Correctional Health Services, Inc. | : |
| ALLEGHENY COUNTY JAIL, | : |
| ALLEGHENY COUNTY HEALTH DEPARTMENT | : |
| ALLEGHENY CORRECTIONAL HEALTH | : |
| SERVICES, Inc, | : |
| THE COUNTY OF ALLEGHENY, PENNSYLVANIA, | : |
| JANE DOE, Corrections Officer, Individually | : |
| and in her official capacity as a corrections | : |
| officer for the Allegheny County Jail | : |
| JOHN DOE, Corrections Officer, Individually | : |
| and in his official capacity as a corrections | : |
| officer for the Allegheny County Jail | : |
|     Defendants | : |
| | : |
| | : |
| | : |

# **COMPLAINT**

2

The Plaintiff, by and through his attorneys, Lewis, Lewis & Reilly and Ryan R. Smith, ESQUIRE, and, J. Kerrington Lewis, ESQUIRE hereby brings Complaint against the Defendants and represents as follows:

## PARTIES

1. The Plaintiff, John Phillips, is a citizen of the United States who currently resides at 2119 Orchard Street, Basement Apartment, Munhall Pennsylvania and at all times materially relevant hereto was incarcerated at the Allegheny County Jail.

2. The Defendant, Ramon Rustin, is an adult individual and at all times materially relevant hereto, was the warden of the ALLEGHENY COUNTY JAIL, with a business office address of 950 Second Ave, Pittsburgh, PA 15219.

3. The Defendant, Allegheny County Jail is a correctional facility charged with housing, care and treatment of inmates who have been sentenced to incarceration in Allegheny County Pennsylvania, with a business office address of 950 Second Avenue, Pittsburgh, Pennsylvania Allegheny County, Pennsylvania.

4. Defendant, Bruce Dixon, M.D. is an adult individual and at all times materially relevant hereto, was the Medical Director of Allegheny County Jail, with a business office address of 950 Second Avenue, Pittsburgh, Pennsylvania, Allegheny County Pennsylvania, the Director of the Allegheny County Health Department and the President of Allegheny Correctional Health Services, Inc.

5. Defendant, Allegheny Correctional Health Services, Inc. is a non-profit subsidiary of the Allegheny County Health Department with a registered office address of 3333 Forbes Avenue, Pittsburgh, Allegheny County Pennsylvania and at all times materially relevant hereto contracted with Allegheny County and/or the Allegheny County Jail, to provide medical care to inmates at the Allegheny County Jail and thus was acting under color of law as it both acted in

4

concert with the state Defendants and was delegated a power traditionally exclusively reserved to the state

6. Defendant, Allegheny County, is a municipality of the first class in the Commonwealth of Pennsylvania, with a business office address of 3333 Forbes Avenue, Pittsburgh, Allegheny County, Pennsylvania, and at all times materially relevant hereto was in control of and supervised Defendants Allegheny County Health Department and Allegheny Correctional Health Services, Inc.

7. Defendant, Jane Doe is an adult individual and at all times materially relevant hereto, was a Corrections Officer at the Allegheny County Jail, with a business office address of 950 Second Avenue, Pittsburgh, Allegheny County, Pennsylvania.

8. Defendant, John Doe is an adult individual and at all times materially relevant hereto, was a Corrections Officer at the Allegheny County Jail, with a business office address of 950 Second Avenue, Pittsburgh, Allegheny County, Pennsylvania.

**JURISDICTION**

9. This action arises under the United States Constitution, particularly under the provisions of the Eighth and Fourteenth Amendments to the United States Constitution, and under the laws of the United States, particularly under the Civil Rights Act, Title 42 **U.S.C.** § 1983, 42 **U.S.C.** § 12131 et. seq. This Court has supplemental jurisdiction over the state law claims pursuant to 28 **U.S.C.** §1367.

10. This Court has jurisdiction pursuant to 28 **U.S.C.** §§ 1331 and 1343.

5

## VENUE

11. The activities that constitute the basis of this action occurred within and from the United States District Court for the Western District of Pennsylvania. Venue is properly laid in this judicial district pursuant to the provisions of 28 U.S.C. sec 1391(b) and 139(c).

## FACTUAL ALLEGATIONS

12. The Plaintiff was charged with various crimes resulting in his detention at the the Allegheny County Jail beginning on or about May 1, 2005.

13. On or about June 8, 2005, the Plaintiff was playing handball with another inmate at the Allegheny County Jail when he was struck in the eye with the ball.

14. As a result of this accident the Plaintiff immediately sought out the Corrections Officer on his pod at the time, Defendant Jane Doe and/or John Doe and requested medical treatment for his eye injury.

15. Defendant Jane Doe and/or John Doe informed the Plaintiff that she/he could not arrange immediate medical treatment, and that pursuant to Jail policy he would have to submit a formal request for medical treatment.

16. The Plaintiff filled out a medical request form indicating that he had been hit in the eye with a handball and desired medical attention.

17. Pursuant to Defendant Jane Doe's and/or John Doe's direction, Plaintiff turned the medical request form over to Jane Doe and/or John Doe, presumably for proper and immediate filing with the appropriate person.

18. By the following day, Plaintiff was experiencing pain and blurred vision in his eye and accordingly asked Defendant Jane Doe and/or John Doe if there was any way he could see a doctor immediately.

19. Defendant Jane Doe and/or John Doe responded that the only procedure for receiving medical care at the Allegheny County Jail was to fill out a medical request form and wait for a response.

20. Despite several more requests to see a doctor the Plaintiff was not even taken to the Allegheny County Jail infirmary until July of 2005. By this time the Plaintiff had lost virtually all of his vision in the injured eye.

21. The Plaintiff was finally examined at the ALLEGHENY COUNTY JAIL infirmary and then arrangements were made to transport the Plaintiff to the University of Pittsburgh Medical Center, Eye Center where he was seen by Dr. Samy. Dr. Samy diagnosed the Plaintiff with a central retinal vein occlusion.

22. Dr. Samy posited that the trauma to the eye from the handball injury caused bleeding in the eye, leading to an increase in pressure in the eye. The increased pressure in the eye then led to the retinal vein occlusion which has caused the Plaintiff's blindness in his left eye.

23. At that point Dr. Samy prescribed laser treatment to the back of the eye as well as a Kenalog injection. Dr. Samy indicated that the blindness could not be reversed, and that these treatments were prophylactic in nature in that they were intended to prevent a "blind eye from becoming a chronically sore eye."

24. The above-prescribed procedures were performed in September of 2005.

25. Unfortunately, the Plaintiff is still blind in his left eye.

26. That the refusal of the Defendants to Plaintiff of prompt medical care for a serious injury was the proximate cause of the following:

   a. Blindness in his left eye;

   b. Pain in his left eye;

   c. Embarrassment and Humiliation;

## COUNT I
### CRUEL AND UNUSUAL PUNISHMENT
### UNDER THE EIGHTH AND FOURTEENTH AMENDMENTS

27. Plaintiff hereby incorporates paragraphs one through twenty-six as though the same were fully set forth hereinafter at length.

28. That the Plaintiff has a right under the Eighth Amendment to be free from cruel and unusual punishment.

29. That the Fourteenth Amendment's due process clause guarantees the right to be free from cruel and unusual punishment under the Eighth Amendment.

30. Plaintiff brings this Complaint under section 1983 of the Civil Rights Act of 1964, as amended.

31. That the Plaintiff had a liberty interest in receiving humane medical treatment while he was incarcerated at the Allegheny County Jail.

32. The conduct of Defendants, acting individually or in concert with each other, as described above, deprived the Plaintiff of his right to be free from cruel and unusual

8

punishment as guaranteed to him by the Eighth and Fourteenth Amendments of the United States Constitution by:

   a. Refusing needed medical treatment

   b. Delaying medical treatment when the specific injury called for treatment within twenty-four hours.

   c. Refusing to provide him adequate facilities and supplies to meet his medical needs,

33. That the actions of the Defendants have caused the Plaintiff physical bodily harm as well as embarrassment, humiliation and mental distress as well as the injuries set forth in this complaint.

34. That the actions of the Defendants in deliberate indifference of the Plaintiff's medical needs "shocks the conscience" and violated the standards of decency.

35. Since Defendants acted willfully, wantonly, intentionally, recklessly and maliciously with deliberate indifference to the Plaintiff's medical needs, the Plaintiff seeks punitive damages.

WHEREFORE, Plaintiff respectfully requests that this court:

a) Assume jurisdiction;

b) Award damages of a sum in excess of seventy-five thousand ($75,000);

c) Award attorney fees, costs and expenses of this action;

d) Award punitive damages; and

e) Grant such other relief as the court deems just and proper.

## Count III
## CIVIL RIGHTS – POLICY, PRACTICE OR CUSTOM

36.    Plaintiff hereby incorporates paragraphs one through thirty-five as though the same were fully set forth hereinafter at length.

37.    Plaintiff brings this Complaint under section 1983 of the Civil Rights Act of 1964 as amended.

38.    That the Plaintiff, had a clearly established constitutional right:

   a. To be free from cruel and unusual punishment;

   b. To receive humane medical care;


39.    That the Defendants, Bruce Dixon, as Director of health services and Ramon Rustin, as Warden of Allegheny County Jail, maintained a policy, practice or custom of:

   a. Requiring inmates to submit formal written requests for medical attention.

   b. Said written requests were routinely not acted upon in a timely manner or with regard to the seriousness of the complained injury.

40.    That a reasonable official in the position of the Defendants and/or other administrative personnel must have known, or reasonably should have realized that these policies, practices and procedures were causing or likely to cause violations of constitutional rights, and permitted these practices to continue.

10

41. That Defendants, in maintaining these policies, practices or customs was deliberately indifferent to the risk of rights to the Plaintiff, and that said policy, practice or custom was the proximate cause of the violation of the Plaintiff's rights and the injuries enumerated in this complaint.

WHEREFORE, Plaintiff respectfully requests that this court:

a) Assume jurisdiction;

b) Award damages of a sum in excess of seventy-five thousand ($75,000);

c) Award attorney fees, costs and expenses of this action;

d) Award punitive damages; and

e) Grant such other relief as the court deems just and proper.

## Count IV

### SUPPLEMENTAL STATE CLAIMS

42. Plaintiff incorporates by reference paragraphs 1-41 of this Complaint.

43. The acts and conduct of the Defendant in this cause of action constitute Medical Malpractice under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate these claims.

44. As a result of this Medical Malpractice Plaintiff has suffered damages as aforesaid.

WHEREFORE, the Plaintiff requests that this Court:

a. Award compensatory damages to Plaintiff and against the Defendant;

b. Award costs of this action to Plaintiff;

    c.    Award such other and further relief as this Court may deem appropriate.

The Plaintiff hereby demands a jury trial.

        Respectfully submitted,

        By:

        /s/ Ryan R. Smith, Esquire

        1040 Fifth Ave
        Pittsburgh, PA 15219

        (412)-391-0818

        /s/ J. Kerrington Lewis, Esquire

        1040 Fifth Ave
        Pittsburgh, Pa 15219

        (412)-391-0818

        Counsel for Plaintiff