IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN PHILLIPS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Civil Action No. 06-1338 |
| | ) | |
| RAMON RUSTIN, individually and in his | ) | Judge Schwab/ |
| official capacity as Warden of the | ) | Magistrate Judge Hay |
| Allegheny County Jail; BRUCE DIXON, | ) | |
| M.D., individually and in his official | ) | |
| capacities as Medical Director of the | ) | |
| Allegheny County Jail, Director of the | ) | |
| Allegheny County Health Department, and | ) | |
| Director of the Allegheny Correctional | ) | |
| Health Services, Inc.; ALLEGHENY | ) | |
| COUNTY JAIL; ALLEGHENY | ) | |
| CORRECTIONAL HEALTH SERVICES, | ) | |
| INC.; THE COUNTY OF ALLEGHENY; | ) | |
| JANE DOE; and JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | RE: Dkt. [3]. |

REPORT AND RECOMMENDATION

RECOMMENDATION

It is recommended that the motion to dismiss, Dkt. [3], be denied.

REPORT

John Phillips ("Plaintiff"), represented by retained counsel, has filed a civil rights action against several defendants, alleging that while incarcerated in the Allegheny County Jail, Plaintiff injured his eye and the Defendants failed to act to provide him proper medical attention, thereby leading to blindness in the injured eye. Plaintiff makes both a federal claim that his Eighth Amendment right to be free of cruel and unusual punishment was violated, and a state law claim of medical malpractice pursuant to this court's supplemental jurisdiction. Defendants Bruce Dixon, M.D. and Allegheny Correctional Health Services, Inc. (collectively, "the Moving

Defendants"), have filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), which seeks to have dismissed the state law claim of medical malpractice, asserting that such is barred by the state statutory immunity provided for in the Political Subdivision Tort's Claims Act ("PSTCA"), 42 Pa.C.S.A. §§8501 *et seq*. Because the crucial analysis of immunity under the PSTCA requires development of a factual record beyond what is alleged in the complaint, the motion to dismiss should be denied.

### Relevant Procedural History

Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 that included a supplemental state law claim. Dkt. [1]. The moving Defendants filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), Dkt. [3], and a brief in support. Dkt. [4]. In that motion, their sole argument was that the state law claims of medical malpractice and claim for punitive damages must be dismissed because the Moving Defendants constitute a "local agency" within the meaning of the PSTCA and, therefore, are afforded immunity provided by the PSTCA. Attached to the brief in support of the motion to dismiss were the Articles of Incorporation and By-laws (collectively, "the Articles of Incorporation") for the moving Defendant Allegheny Correctional Health Services, Inc. Dkt. [4-1] & [4-2]. Plaintiff filed a response, Dkt. [11], in which he denied that the Moving Defendants constitute a "local agency" and a brief in support. Dkt. [10].

### Fed.R.Civ.P. 12(b)(6) Standard

In Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007), the Supreme Court recently summarized the legal standards governing motions to dismiss under Rule 12(b)(6) as follows:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, ----, 127 S.Ct. 1955, 167 L.Ed.2d 929, ---- - ---- (2007) (slip op., at 7-8) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp., supra*, at ----, 127

>S.Ct. 1955 (slip op., at 8-9) (*citing Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1(2002) . . . .

Given the liberal notice pleading standards of Fed.R.Civ.P. 8, the grant of a motion to dismiss should be rare. <u>St. Joseph's Hosp., Inc. v. Hosp. Corp. of America</u>, 795 F.2d 948, 953 (11th Cir. 1986) ("Although authorized by the Federal Rules of Civil Procedure, the liberal rules as to the sufficiency of a complaint make it a rare case in which a motion [to dismiss] should be granted.").

Under Rule 12(b)(6), courts may consider, in addition to the complaint, matters of public record and other matters of which a court may take judicial notice, <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994). The question to be resolved is: whether, taking the factual allegations and all reasonable inferences to be drawn therefrom, are the "factual allegations . . . enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. at 1964-1965. Or put another way, a complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." <u>Id</u>. at 1974.

**Discussion**

Instantly, the question presented is whether the Moving Defendants constitute a "local agency" in the case of Allegheny Correctional Health Services, Inc., or an "employee" of a local agency in the case of Dr. Bruce Dixon.

Moving Defendants cite to <u>Sphere Drake Ins. Co. v. Philadelphia Gas Works</u>, 782 A.2d 510 (Pa. 2001) and <u>Christy v. Cranberry Volunteer Ambulance Corps.</u>, 856 A.2d 43 (Pa. 2004) as providing the applicable test for determining whether the Moving Defendants fit within the

definition of "local agency."[1]  Those cases make clear that the test for determining whether a non profit corporation that performs government functions qualifies as a "local agency" within the ambit of the PSTCA involves addressing, *inter alia*, the following issues:

> [u]pon remand, in assessing if Cranberry Ambulance is a local agency for purposes of immunity under the Tort Claims Act, the court's examination shall include, but not be limited to, determining whether:  (1) there is confirmation of Cranberry Ambulance's status as a non-profit corporation;  (2) the ambulance company was incorporated and created by a political subdivision; (3) Cranberry Ambulance assists Cranberry Township in meeting the needs of its citizens;  (4) Cranberry Township appoints the entity's Board of Directors;  (5) Cranberry Township exercises substantial control over Cranberry Ambulance;  (6) the entity's assets would vest in the Township, should the company be dissolved;  (7) Cranberry Ambulance's employees participate in any Township benefit plans exclusively reserved to Township employees;  (8) the ambulance company's sole source of income is the Township;  and (9) the Township indemnifies and holds harmless employees and officers and directors of Cranberry Ambulance from claims and liabilities arising in connection with provision of services.   Only after considering and weighing these factors will the court on remand be able to determine whether or not Cranberry Ambulance is a local agency by virtue of its relationship with the Township, and, hence, immune from tort liability.

Christy, 856 A.2d at 53-4 (footnote omitted).  It is apparent from the recitation of these multiple factors, that determining whether a particular entity qualifies as a "local agency" is a fact-intensive inquiry.

While the court may take judicial notice of the Articles of Incorporation,[2] which the Moving Defendants attached to their brief in support of their summary judgment motion, those Articles of Incorporation only inform the court that Allegheny Correctional Health Services, Inc., is a non-profit corporation, incorporated and created not by a political subdivision but incorporated by Dr. Bruce Dixon.  Those Articles further show that the non-profit corporation

---

[1]  Given the arguments that the Moving Defendants make, Dr. Dixon's defense of immunity is dependent upon his status as an employee of Allegheny Correctional Health Services, Inc., which, the Moving Defendants contend, qualifies for immunity under the PSTCA and which derivatively provides him immunity as an employee thereof.

[2]  Kansas Health Care Ass'n, Inc. v. Kansas Dept. of Social and Rehabilitation Services, 958 F.2d 1018, 1021 (10th Cir. 1992)  ("The district court took judicial notice of each association's articles of incorporation").

does assist Allegheny County in meeting the needs of its citizens by providing health care to those citizens housed in the Allegheny County Jail.  However, the Articles do not show that Allegheny County appoints the non-profit's Board of Directors; rather Allegheny County Health, Inc. appoints the Board of Directors, other than the two ex officio members.  Dkt. [4-2] at 9 ¶B.1.  The record does not reveal much about the entity called Allegheny County Health, Inc., as for instance, it does not show whether Allegheny County Health, Inc., qualifies as a "local agency" due to its status as a "local authority" i.e.,  "a municipal authority or any other body corporate and politic created by one or more political subdivisions pursuant to statute." Sphere Drake, 782 A.2d at 513 (*quoting* 1 Pa.C.S. § 1991).  The record does not affirmatively show whether Allegheny County or another "local authority" exercises substantial control over Allegheny Correctional Health Services, Inc.  The record does not affirmatively demonstrate that  the Allegheny Corrections Health Services Inc.'s assets would necessarily vest in Allegheny County or another "local authority."  Rather, it would appear that such assets would be "turned over to one or more organizations which themselves are exempt as organizations described in sections 501(c)(3) and 170(c)(2) of the Internal Revenue Code of 1986 or corresponding sections of any future Internal Revenue Code, or to the Federal State or local government for exclusive public purpose."  Dkt. [4-2] at 4.  The record is absolutely silent with respect to (1) whether Allegheny Correctional Health Services, Inc.'s employees participate in any Allegheny County or other local authority's benefit plans exclusively reserved to Allegheny County or other local authority's employees;  (2) whether Allegheny Correctional Health Services, Inc's sole source of income is Allegheny County or some other local authority;  and (3) whether Allegheny County or some other local authority indemnifies and holds harmless employees and officers and directors of Allegheny Correctional Health Services, Inc.

       Given this state of the record, the applicable standard of review for a 12(b)(6) motion and the complicated factual inquiry that the Pennsylvania Supreme Court deems required to answer

the question of whether a specific entity qualifies as a "local agency," the most prudent, and indeed, the correct route would be for the Court to deny the Moving Defendants' motion to dismiss at this juncture, in favor of permitting the parties to develop a factual record with respect to these factors.  See, e.g., Christy, 856 A.2d at 44 (we "remand the matter for the parties to introduce evidence regarding whether the ambulance company is a 'local agency,' pursuant to our analysis in *Sphere Drake Insurance Company v. Philadelphia Gas Works*, 566 Pa. 541, 782 A.2d 510 (2001).").

This question may be better settled at the summary judgment stage.  If any party so desires, it may make a motion to request that initial discovery be limited to this issue and file summary judgment motions limited to this issue, without prejudice to conducting further discovery and filing subsequent summary judgment motions, if the local agency immunity issue does not terminate the litigation as to the Moving Defendants.  In any event, the motion to dismiss should be denied because it is plausible, given the complaint and the Articles of Incorporation,  that the Moving Defendants **may** not constitute a "local agency."

CONCLUSION

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

                                             Respectfully submitted,

                                             /s/   Amy Reynolds Hay
                                             United States Magistrate Judge

Dated: 14 August, 2007

cc:  The Honorable Arthur J. Schwab
     United States District Judge

     All counsel of record by Notice of Electronic Filing